P. DOUGHERTY CO. v. MANNESIS.

THE FREDERICK.

THE HARFORD.

THE TASSIA.

District Court, S. D. New York.

Aug. 4, 1943.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libelant.

Reid, Cunningham & Freehill, of New York City (James E. Freehill, and Renato C. Giallorenzi, both of New York City, of counsel), for respondent.

COXE, District Judge.

This is a suit in personam against the master of the S. S. "Tassia" for damage to the barges "Frederick" and "Harford" owned by the libelant. The suit grows out of a collision on February 7, 1942, on the Red Hook anchorage grounds in New York Harbor between the different vessels. The proof shows that the "Tassia" dragged her anchor in the wind and on an ebb tide, and fell down on the two other vessels damaging them both. At the trial, I indicated that I would find fault solely on the part of the "Tassia". This conclusion was later confirmed by supplemental proof from the records of the Coast Guard. There was, however, reserved for consideration the legal question whether the master could be held liable for the damage.

It is conceded that the master left the vessel on the night prior to the collision and did not return until after the collision took place. It is also undisputed that the vessel was left in charge of the chief officer, who held a master's license. The libelant contends that the master is responsible for the damage because he did not anticipate, and failed to guard against, the negligence of his subordinates during his absence. Implicit in the contention is the charge that the master's absence from the vessel was responsible for the collision.

I do not think the master can be held liable for the damages. He was absent at the time of the collision, he had left the vessel in charge of a licensed master, and was not in control of the vessel when the damage was done. The master was not the master at the time of the collision, for in his absence the chief officer was in charge of the ship, with all the responsibilities, duties and powers of the master. Escandon v. Pan-American Foreign Corp. D.C., 12 F.Supp. 1006. The libelant relies upon The Newport, 9 Cir., 15 F.2d 342, modified sub. nom. Wilson v. Pacific Mail S. S. Co., 276 U.S. 454, 455, 48 S.Ct. 369, 72 L.Ed. 651, but that case does not support its position. In that case, the collision occurred while the master was on board and commanded, and at a time when a concededly inexperienced third officer was in charge of the vessel. The master failed to show that he took reasonable precaution to insure proper navigation in circumstances of obvious danger, and the Supreme Court found it impossible to say that he acted prudently. On the contrary, the Supreme Court concluded that "presumably, at least, he participated in the admitted fault of his ship". There is no evidence here that the chief officer was incompetent or inexperienced, and the mere absence of the master from the vessel at the time of the collision, under the facts of the case, are not sufficient to impose liability upon him for the damage done through the fault of the vessel.

The libel is dismissed, but without costs.